# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| JIM BUSH d/b/a TRENTON CINEMA LLC )<br>or BIG TIME CINEMA TRENTON 3, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AT&T CORP. a/k/a AT&T Mobility National )<br>Account LLC, )<br>)<br>Defendant. ) | No. 12-6106-CV-SJ-DGK |

## ORDER GRANTING MOTION TO COMPEL ARBITRATION

This case arises from Plaintiff cancelling a contract for wireless services with Defendant. Now before the Court is Defendant's Motion to Compel Arbitration and Stay Action (Doc. 5). For the following reasons the Motion is GRANTED.

**Background**

Plaintiff Jim Bush does business as Trenton Cinema LLC, also known as Big Time Cinema Trenton 3. On August 20, 20012, Plaintiff filed this lawsuit in the Circuit Court of Grundy County, Missouri alleging breach of contract, a violation of Missouri's Merchandising Practices Act, misrepresentation, and "emotional distress/harassment." On September 26, 2012, Defendant AT&T Corp. timely removed the lawsuit to this Court based upon diversity jurisdiction and subsequently moved to compel arbitration.

The Petition alleges that on June 11, 2011 Plaintiff entered into a contract, the AT&T Mobile Business Agreement ("the Agreement"), with Defendant for wireless services. Attached to the Petition is a copy of the Agreement. The first paragraph of the Agreement states that it,

> consists of (a) the AT&T Mobile Business Program Description set forth below (the "Program Description"), (b) the General Terms and Conditions in effect on the Effective Date [June 11, 2011] and found at the Program Website (the General Terms and Conditions'), and (c) all materials incorporated by reference in the General Terms and Conditions, such as applicable Sales information and Attachments (collectively, the "Agreement"). The Program Website is att.com/amb.

The Agreement at 1 (Doc. 1-1 at 14). Section 9 of the General Terms and Conditions referenced in the Agreement states in relevant part that:

> Any dispute arising out of or relating to this Agreement that cannot be resolved by negotiation shall be resolved by binding arbitration administered by the American Arbitration Association ('AAA') under its Commercial Arbitration Rules in effect at the time that a dispute is submitted for resolution (the 'Rules'), as modified by this Agreement. . . . Such arbitration shall be held in New York, New York.

**Discussion**

Agreements to arbitrate are strongly favored under federal law. *See Lyster* v. *Ryan's Family Steak Houses, Inc.,* 239 F.3d 943, 945 (8th Cir. 2001). Congress enacted the Federal Arbitration Act ("FAA") to overcome courts' traditional reluctance to enforce arbitration agreements. *Allied-Bruce Terminix Cos.* v. *Dobson,* 513 U.S. 265, 270 (1995). The FAA provides that arbitration agreements are presumptively valid and enforceable,[1] and embraces a "liberal federal policy favoring arbitration agreements." 9 U.S.C. § 2; *Moses H Cone Mem. Hosp.* v. *Mercury Constr. Corp.,* 460 U.S. 1, 24 (1983). It also provides for stays of proceedings in federal district courts when an issue is referable to arbitration, and for orders compelling arbitration when one party has failed, neglected, or refused

---

[1] "A written provision in ... a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

2

to comply with an arbitration agreement. *Gilmer* v. *Interstate/Johnson Lane Corp.,* 500 U.S. 20, 25 (1991).

To determine whether a particular dispute must be arbitrated, the court considers (1) whether there is a valid agreement to arbitrate; and (2) whether the dispute falls within the scope of the agreement. *Lyster,* 239 F.3d at 945. In construing contract language on arbitrability, any doubts are resolved in favor of arbitration. *CD Partners, LLC* v. *Grizzle,* 424 F.3d 795, 798 (8th Cir. 2005). The party resisting arbitration bears the burden of showing the agreement is unenforceable. *Cf. Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91-92 (2000). Of course, the "strong federal policy in favor of arbitration . . . does not change the fact that one cannot be compelled to arbitrate [its] disputes unless [it] has agreed to do so." *Fleet Boston Robertson Stephens, Inc.* v. *Innovex, Inc.,* 264 F.3d 770, 773 (8th Cir. 2001) (citations omitted).

The issue here is not whether the dispute falls within the scope of the contract; all of Plaintiff's claims either arise out of or relate to the Agreement. Plaintiff is arguing he did not sign any agreement to arbitrate, and that even if he did, the arbitration provision is invalid for a variety of reasons.

The Court finds no merit to Plaintiff's claim that he did not agree to arbitration. Under Missouri law, parties to an agreement can incorporate unsigned terms and conditions in documents that are referenced in their agreements. *Intertel, Inc. v. Sedgwick Claims Mgmt. Servs. Inc.*, 204 S.W. 3d 183, 196 (Mo. App. 2006) ("So long as the contract makes clear reference to the document and describes it in such terms that its identity may be ascertained beyond doubt, the parties to a contract may incorporate contractual terms by reference to a separate, noncontemporaneous document, including . . . a separate document which is unsigned.") The fact that the documents

3

referenced were made available to the Plaintiff via the internet does not alter the analysis. "A customer on notice of contract terms available on the internet is bound by those terms." *Burcham v. Expedia, Inc.*, No. 4:07CV1963CDP, 2009 WL 586513, at *2 (E.D. Mo. Mar. 6, 2009). In his Petition, Plaintiff states he entered into the Agreement with Defendant. Consequently, as a matter of law, when Plaintiff made the Agreement he accepted all of the terms that were incorporated into it, including the arbitration provision, even though he did not physically sign any arbitration agreement.

There is also no merit to Plaintiff's arguments that (1) a mandatory arbitration provision is inherently unconscionable; (2) that Defendant cannot compel Plaintiff to arbitrate because Plaintiff has alleged that Defendant misrepresented the Agreement's cancellation provisions; and (3) that the arbitration provision should not be enforced in the wake of two recent Missouri Supreme Court decisions, *Brewer v. Missouri Title Loan*, 364 S.W.3d 486 (Mo. 2012) and *Robinson v. Title Lenders, Inc.*, 364 S.W.2d 505, 509 n.4 (Mo. 2012). With respect to the first argument, mandatory arbitration agreements are permissible except in insurance contracts. *See Thrivent Fin. for Lutherans v. Lakin*, 322 F. Supp. 2d 1017, 1024 (W.D. Mo. 2004) (Gaitan, J.) (noting that outside of the insurance context, the FAA "come[s] into play."). With respect to the second argument, in determining whether an arbitration agreement is enforceable, a federal court may consider only whether there was "fraud in the inducement of the arbitration clause itself." *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403 (1967). Allegations like those made here, that there was fraud or misrepresentation in the inducement of the contract, must be "considered by an arbitrator, not a court," because the arbitration provision is "enforceable apart from the remainder of the contract." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 446 (2006). Finally, with respect to the third argument, the Court notes the issue in the two Missouri Supreme Court cases

cited by Plaintiff was whether the arbitration agreements were unconscionable because they waived class treatment of claims and required arbitration on an individualized basis. *Brewer*, 364 S.W.3d at 492-96; *Robinson*, 364 S.W.3d at 507-08, 517-18. Plaintiff is not seeking to litigate his claim as part of a class action, therefore these cases are inapplicable. Moreover, these cases have arguably been superseded by the Supreme Court's decision in *AT&T Mobility LLC v. Concepcion*. 131 S.Ct. 1740 (2011).

There is merit, however, to Plaintiff's claim that the arbitration agreement's forum selection clause is unenforceable. As Defendant concedes, a forum-selection clause which requires that the arbitration take place in a defendant's "corporate backyard" is unconscionable and unenforceable under Missouri law, and a court may sever such a clause from the rest of the contract. *Swain v. Auto Services, Inc.*, 128 S.W.3d 103, 108-09 (Mo. Ct. App. 2003). Defendant recognizes that New York City is its corporate backyard and has offered to arbitrate Plaintiff's claims either in Missouri or any other location that is convenient for the parties. Accordingly, the Court holds the forum selection clause is unenforceable and should be severed. Given that this case could be fairly arbitrated in many places, including Missouri, the Court holds the venue provision is not essential to the rest of the arbitration clause and so the entire arbitration clause should not be stricken. *Id.* at 108.

## Conclusion

Defendant's Motion to Compel Arbitration and Stay Action (Doc. 5) is GRANTED. This case shall be stayed while arbitration is pending. The parties shall file a joint status report every one hundred and twenty days.

**IT IS SO ORDERED.**

5

Date:   December 3, 2012                    /s/ Greg Kays
                                            GREG KAYS, JUDGE
                                            UNITED STATES DISTRICT COURT